## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-512-LPS |
| v. | ) ) ) | |
| ALTICOR, INC. and AMWAY CORP., | ) ) | |
| Defendants. | ) ) ) ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Gregory B. Williams (#4195)
Fox Rothschild LLP
Citizen Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19801
(302) 622-4211
gwilliams@foxrothschild.com

Of Counsel:
Laura Beth Miller (*pro hac vice*)
Scott A. Timmerman (*pro hac vice*)
Manish K. Mehta (*pro hac vice*)
BRINKS GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299

*Attorneys for Defendants*

## TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................... 1

II.  NATURE AND STAGE OF THE PLEADINGS ....................................................... 1

III. ARGUMENT .............................................................................................................. 2

    A.   The Western District Of Michigan Is An Appropriate Venue ............................. 2

    B.   Plaintiff Failed To Provide Evidence Rebutting The Private
        *Jumara* Factors Favoring Transfer ................................................................... 3

        1.   Plaintiff's Forum Preference Does Not Outweigh
            Defendants' Preference in Transferring to Their Principal
            Place of Business ................................................................................. 3

        2.   The Allegedly Infringing Acts Occurred in the Western
            District of Michigan ............................................................................ 5

        3.   Plaintiff Has Failed to Introduce Evidence that
            Demonstrates A Balance of "Inconveniences" in Its
            Favor ................................................................................................... 5

        4.   PDIC Does Not Contest that the Majority of the Party and
            Non-Party Witnesses are Located in the Western District
            of Michigan ......................................................................................... 6

        5.   The Location of Relevant Evidence Favors Transfer ................................. 7

    C.   The Relevant Public Interest Factors Favor Transfer ........................................ 8

        1.   Practical Considerations Favor Transfer .................................................. 8

        2.   Plaintiff Does Not Dispute that the Western District of
            Michigan is Less Congested ................................................................ 9

        3.   The Western District of Michigan has a Local Interest in
            this Case ............................................................................................... 9

IV.  CONCLUSION ......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Academisch Ziekenhuis Leide v. CardioMEMS, Inc.*,
   C.A. No. 10-1127, 2011 U.S. Dist. LEXIS 23833 (D. Del. Mar. 9, 2011) ...........................4

*Beacon Navigation GmbH v. Chrysler Group L.L.C.*,
   No. 11-cv-921 (GMS), 2013 WL 1163943 (D. Del. Mar. 20, 2013) ...................................9

*Gielata v. Heckmann*,
   C.A. No. 10-378-LPS-MPT, 2010 U.S. Dist. LEXIS 106674 (D. Del.
   Oct. 6, 2010) ....................................................................................................................3

*Helicos Biosciences Corp. v. Illumina, Inc.*,
   858 F. Supp. 2d 367 (D. Del. 2012) ...............................................................................10

*Joao Control & Monitoring Sys. v. Ford Motor Co.*,
   C.A. No. 12-cv-1479 (GMS), 2013 U.S. Dist. LEXIS 118299 (D. Del.
   Aug. 21, 2013) ...................................................................................................................6

*Mitek Sys. v. United Servs. Auto. Ass'n*,
   C.A. No. 12-462 GMS, 2012 U.S. Dist. LEXIS 123716 (D. Del. Aug. 30,
   2012)...................................................................................................................................8

*Semcon Tech, LLC v. Intel Corp.*,
   C.A. No. 12-534-RGA, 2013 U.S. Dist. LEXIS 2596 (D. Del. Jan. 8, 2013)......................8

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
   537 F. Supp. 2d 635 (D. Del. 2008) ..................................................................................9

*Zazzali v. Swenson*,
   852 F. Supp. 2d 438 (D. Del. Mar. 27, 2012).....................................................................7

## I.    INTRODUCTION

The omissions in Plaintiff's Opposition are telling and provide support for Defendants' Motion to Transfer.  Among other things, Plaintiff has failed to identify:

1.    Any party that has its headquarters or business operations in this District;

2.    Any party employees or third parties working or residing in this District; and

3.    Any particular interest that this District has in this action.

Also telling is the fact that Plaintiff has not provided any evidence to dispute that the Western District of Michigan is where:

1.    Defendants' headquarters are located;

2.    Defendants' proposed party witnesses, a number of third parties, and documents are located; and

3.    The design, development, and maintenance of the accused instrumentalities occurred.

Instead, Plaintiff either ignores these facts in its analysis or relies on incorrect factual assumptions in an effort to convince the Court that it would be more convenient for all the parties and non-parties to litigate in this District rather than the Western District of Michigan. Yet, an objective review of the evidence supports the opposite conclusion.

## II.    NATURE AND STAGE OF THE PLEADINGS

Defendants Alticor Inc. ("Alticor") and Alticor Global Holdings Inc. ("AGHI") filed their Motion to Transfer on September 23, 2013.  (D.I. 21-26).  The other originally named defendants (Quixtar.com, Inc. and Amway Corp. (Michigan corporation)) joined in that motion.  (D.I. 22, at 2 n. 1).

Thereafter, on September 27, 2013, PDIC filed a Motion to Amend its Complaint, dropping AGHI and Amway Corp. (Michigan corporation) and seeking to add two new defendants, Quixtar Inc., a Virginia corporation n/k/a Amway Corp. ("Quixtar"), and Amway International Inc., a Delaware corporation ("Amway International"), both of which have principal places of business in Ada, Michigan. (D.I. 28-2; D.I. 30, at 4; D.I. 30-2). Defendants filed a Response to PDIC's Motion to Amend on October 15, 2013, in which they did not contest the addition of Quixtar to the lawsuit. (D.I. 30). However, Defendants have objected to the addition of Amway International as a defendant because this entity operates primarily as a holding company, has no connection to this case, and appears to be added solely in an effort to include a Delaware incorporated defendant.[1]   (D.I. 30-2).

## III.   ARGUMENT

### A.   The Western District Of Michigan Is An Appropriate Venue

Plaintiff agrees that this case could have been brought in the Western District of Michigan with regards to Alticor. (D.I. 29, at 5). Yet, without any factual support, Plaintiff questions whether the proposed transferee forum would have personal jurisdiction over the proposed additional defendants Quixtar and Amway International. *Id.* The answer is yes. The principal place of business of the proposed defendants is in the Western District of Michigan. (D.I. 30, at 4; D.I. 30-2). Moreover, both parties have joined in the Motion to Transfer. Accordingly, there is no genuine basis for Plaintiff to challenge the jurisdiction of the transferee forum over all of the named and proposed Defendants.

---

[1] Quixtar herby joins in the motion to transfer. To the extent the Court permits Plaintiff to add Amway International as an additional defendant (over Defendant's objection), Amway International joins in the Motion to Transfer.

### B.  Plaintiff Failed To Provide Evidence Rebutting The Private *Jumara* Factors Favoring Transfer

Plaintiff incorrectly asserts that Alticor is required to prove that litigating in this forum would pose "a <u>unique</u> and [sic] <u>unusual</u> burden" on its operations.  (D.I. 29, at 6) (emphasis in original) (citing *Gielata v. Heckmann*, C.A. No. 10-378-LPS-MPT, 2010 U.S. Dist. LEXIS 106674, at *8 (D. Del. Oct. 6, 2010)).  As recognized by this Court in *Gielata*, "[a]bsent a legitimate reason, defendant's burden is lessened where transfer is considered less inconvenient to a plaintiff if the plaintiff has not chosen its home forum or where the alleged wrongful activity occurred." *Id.* (internal quotations omitted).  Both of these mitigating factors are present here, and as evidenced by the factors enumerated below, the Defendants have met their burden to justify transfer of this case to the Western District of Michigan.

### 1.  Plaintiff's Forum Preference Does Not Outweigh Defendants' Preference in Transferring to Their Principal Place of Business

Plaintiff concedes that its forum selection would ordinarily carry little weight because this District is not its principal place of business or "home turf." (D.I. 29, at 7).  Plaintiff also cannot dispute that the proposed transferee forum is the headquarters for both the named and proposed Defendants, a factor that weighs heavily in favor of transfer under the circumstances.  Nevertheless, in an effort to bolster its forum selection, PDIC attempts to create "rational and legitimate reasons" for its decision to file in this District.  (D.I. 29, at 7).  These arguments are either factually incorrect or legally insufficient to overcome Defendants' forum preference.

First, Plaintiff argues that this District is proximate and convenient to the parties' headquarters.  That is factually inaccurate.  The headquarters for both named Defendant Alticor and proposed defendants Quixtar and Amway International are in the Western District of Michigan.  Thus, it is nonsensical to suggest that this District would be more "proximate and convenient" for Defendants.  Moreover, to suggest that Delaware is more convenient than the

3

Western District of Michigan for Plaintiff is misleading, as its place of business is in Tyler, Texas. Plaintiff will have to travel regardless if this case is transferred.

Second, Plaintiff argues that it had a "rational and legitimate" basis to select Delaware as a forum because other actions are pending here.[2] However, this argument rings hollow. Plaintiff fails to account for other factors negating or weakening that decision, including the fact that (i) there are actions pending in the Southern District of New York, (ii) the record is devoid of any evidence that the actions pending in this District involve facts or circumstances that substantially overlap with this case – to the contrary they involve different accused products, different accused infringers, and appear to be on different schedules, and (iii) many of the cases pending in this District have quickly settled, making illusory Plaintiff's implicit suggestion that there are economies to be enjoyed by keeping the instant action here in Delaware.

Third, Plaintiff argues that only Defendant Alticor indicated a preference for the transferee forum. Again that argument is factually incorrect and misleading. As explained above, at the time of filing the Motion to Transfer, all of the Defendants supported the motion. The two newly named Defendants, to the extent they are added to the action, also join this motion.

Plaintiff simply cannot run from the fact that its forum choice is entitled to little deference given the circumstance of this action.

---

[2] In support of this proposition, Plaintiff cites to *Academisch Ziekenhuis Leide v. CardioMEMS, Inc.*, which involves the forum choice of a foreign plaintiff having no "home turf" in this country. C.A. No. 10-1127, 2011 U.S. Dist. LEXIS 23833, at *7 (D. Del. Mar. 9, 2011). Not only is this case distinguishable on the facts, it also is silent on whether the presence of other pending actions in this District is a "rational and legitimate" reason to keep this case here.

### 2.    The Allegedly Infringing Acts Occurred in the Western District of Michigan

Plaintiff's attempt to argue that some of the allegedly infringing acts occurred in this

District is misleading.  Plaintiff argues that, because products depicted in JPEG images could be

purchased through the accused websites "throughout the country," including in this District, the

allegedly infringing activities occurred here.  However, the patent is not directed to the purchase

of products or the viewing of JPEG images, making the location of a consumer's use of the

accused websites irrelevant, or at best neutral, to this inquiry.  Much more relevant is the situs of

Defendants' accused activities.  According to Plaintiff, "Defendants [allegedly] infringed the

'056 patent by *using* the patent invention to *encode* image data into JPEG files . . . and/or

*converting* existing images of such products into JPEG images . . . ."  (D.I. 29, at 13) (emphasis

added).  It is undisputed by Plaintiff that the alleged infringing activities relating to the encoding

of these JPEG images, to the extent they were performed by the Defendants, took place in the

Western District of Michigan.  (*See* D.I. 23, Ex. C, Declaration of S. Cole).  This factor strongly

favors transfer.

### 3.    Plaintiff Has Failed to Introduce Evidence that Demonstrates A Balance of "Inconveniences" in Its Favor

Plaintiff has not introduced any evidence to dispute Defendants' supporting declaration

(D.I. 23, Ex. C) that it would be substantially more burdensome to litigate in this District than in

their home forum.  Plaintiff points to the fact that one proposed defendant (Amway International)

is incorporated in Delaware to argue that Delaware would not be inconvenient.  (D.I. 29, at 10).

However, that fact is meaningless given that Amway International is not a proper party to this

case and has no presence other than a registered agent in this District.  Defendants' principal

places of business, witnesses, and documents are located in the Western District of Michigan.

(D.I. 23, Ex. C; D.I. 30-2).  There can be no genuine argument challenging the fact that the

transferee forum is clearly more convenient for Defendants.  That fact, when balanced against

the dearth of evidence to support that Delaware would be more convenient for Plaintiff, supports

Defendants' Motion to Transfer.  Indeed, Plaintiff admits that it does not have an office in this

District, and that it would have to travel and incur travel-related costs regardless of where this

case is litigated.  (D.I. 29, at 10).  Thus, it is nonsensical for Plaintiff to conclude that it would be

more inconvenienced than Defendants if this case was tried in the Western District of Michigan.

Moreover, if Plaintiff were truly concerned about the travel-related costs and

convenience, it would have filed suit in the Southern District of New York, where its first wave

of cases are currently pending.  (D.I. 22, at 12-13).  Plaintiff made the tactical decision to file the

additional cases in this District and it is disingenuous for Plaintiff to now cite these reasons as

the basis to keep this case here.

### 4.     PDIC Does Not Contest that the Majority of the Party and Non-Party Witnesses are Located in the Western District of Michigan

Plaintiff argues that the location of witnesses is "neutral."  This argument clearly lacks a

basis in reality given the undisputed facts.  Plaintiff has not identified a single party or non-party

witness that is located in this District.  To the contrary, Defendants have identified 27 party and

non-party potential witnesses located in the Western District of Michigan.  (D.I. 25, Ex. D).  This

situation is a far cry from the case Plaintiff cites in support of its argument.  *Joao Control &*

*Monitoring Sys. v. Ford Motor Co.*, C.A. No. 12-cv-1479 (GMS), 2013 U.S. Dist. LEXIS

118299, at *20 (D. Del. Aug. 21, 2013) (finding this factor neutral because the defendant

identified "only one third-party witness" in the proposed transferee forum).

Plaintiff does not dispute the identity, location, or subject matter of the non-party

witnesses identified by Defendants.  Instead, Plaintiff questions whether these witnesses will

really be unavailable and whether their testimony will be relevant to the inquiry.  Raising

6

questions, without providing answers, however, does not undermine the uncontroverted fact that all of these witnesses are located in the Western District of Michigan. And, as this Court has recognized, emphasis is placed on the <u>convenience</u> of non-party witnesses. *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 451 (D. Del. March 27, 2012) (holding that "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation."). While it is premature at this time to determine whether these non-parties would be willing to testify in this case, they are all located in the Western District of Michigan and travel to this District would result in an unnecessary inconvenience, expense, and disruption to their personal lives. To the contrary, Plaintiff has not explained why any other non-party witnesses outside of the Western District of Michigan would experience any additional inconvenience if this case was transferred to that forum.

Given the lack of any witnesses in this District, the numerous witnesses within the subpoena power of the Western District of Michigan, and the lack of evidence that the transferee forum would pose a greater inconvenience to witnesses located outside both Michigan and Delaware, this factor strongly favors transfer.

### 5.    The Location of Relevant Evidence Favors Transfer

Admittedly, the ability to produce documentary evidence in remote locations may result in this factor being neutral where the evidence resides both within and outside of the original forum. However, that is not the case here. Plaintiff does not dispute that Defendants' relevant evidence resides in the Western District of Michigan, and Plaintiff has identified no evidence that resides in this District. Yet, Plaintiff would have this Court give this factor little or no weight in the analysis. The potential addition of Quixtar and Amway International to this case does not change this fact as their principal places of business are also in the Western District of Michigan. Therefore, this factor favors transfer to the Western District of Michigan.

### C.     The Relevant Public Interest Factors Favor Transfer

#### 1.     Practical Considerations Favor Transfer

Plaintiff's analysis of the "practical considerations" involved in transfer rests primarily on the argument that there are other cases pending in this District. However, this fact, by itself, does not lead to the conclusion that this case should be kept in this District. Notably, the authority cited by the Plaintiff in support of this proposition involved a situation where the other case pending in the district involved the "same technology," and yet the court ***granted*** the motion to transfer. *Semcon Tech, LLC v. Intel Corp.*, C.A. No. 12-534-RGA, 2013 U.S. Dist. LEXIS 2596, at *10-11 (D. Del. Jan. 8, 2013). In this case, Plaintiff has failed to identify any overlap in the accused technology or the asserted claims, and failed to describe any similarities in the procedural stages of the pending cases. Plaintiff also neglected to provide evidence of any actual or potential cost efficiencies that would result from keeping this case here. Finally, Plaintiff failed to identify any substantive rulings in the other cases pending in this District that would present an opportunity for an inconsistent ruling if this case was transferred, while ignoring the fact that a *Markman* hearing is set for October 31, 2013 in the lead cases in the Southern District of New York.[3] Apparently, Plaintiff has no concern about any inconsistency from the multiple rulings issuing from the Southern District of New York and this District.

Moreover, it is undisputed that the Western District of Michigan is where the majority of evidence and witnesses are located, and that the practical considerations stemming from this localization of witnesses and evidence favors transfer.

---

[3] Plaintiffs cite to *Mitek Sys. v. United Servs. Auto. Ass'n*, for the proposition that the risk of inconsistent judgments weighs against transfer. C.A. No. 12-462 GMS, 2012 U.S. Dist. LEXIS 123716, at *21-22 (D. Del. Aug. 30, 2012). However, in *Mitek*, the risk of inconsistent judgments arose from the fact that both the cases involved the <u>same</u> parties and <u>same</u> technology. Those facts are not present here.

**2.      Plaintiff Does Not Dispute that the Western District of Michigan is Less Congested**

Plaintiff does not dispute that the Western District of Michigan has a lighter case load

and a quicker time to trial (D.I. 29, at 14), which are two of the metrics that this Court looks at

when assessing this factor. *Beacon Navigation GmbH v. Chrysler Group L.L.C*, No. 11-cv-921

(GMS), 2013 WL 1163943, at *11 (D. Del. Mar. 20, 2013) (Sleet, J.) (finding this factor in favor

of a transfer where the proposed transferee court was less congested and had a quicker time to

trial). Instead, Plaintiff argues that this District has "experience and efficiencies in handling

patent litigation cases," wrongly implying that the Western District of Michigan is less capable

of handling patent cases than this District. The Judges sitting in the Western District of

Michigan are fully capable of handling patent cases and have presided over more than seventy

patent cases in the last five years.[4]

When the properly considered factors are evaluated, the relative congestion of the courts'

respective dockets favors transfer.

**3.      The Western District of Michigan has a Local Interest in this Case**

PDIC agrees that this District has no local interest in this dispute. (D.I. 29, at 14-15).

The cases cited by PDIC in support of its proposition, that no local interest can exist for cases

involving patent infringement, are distinguishable because they involved situations where the

allegedly infringing products were sold in this District. (D.I. 29, at 14-15). *TriStrata Tech., Inc.*

*v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 638 (D. Del. 2008) (recognizing that allegedly

---

[4] *See* Patent Cases filed in the Michigan Western District Court between January 1, 2008 and
October 17, 2013, *available at*
*http://dockets.justia.com/search?court=miwdce&nos=830&after=2008-01-01&before=2013-10-17* (last visited Oct. 17, 2013) (a copy of which is attached as Exhibit A).

infringing products were offered for sale and sold in the chosen forum); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 373 (D. Del. 2012) (noting that the allegedly infringing products were sold in Delaware).

To the contrary, and as discussed above, this case involves Michigan-based Defendants allegedly engaged in infringing activities in the Western District of Michigan.  Clearly, the Western District of Michigan has a local interest in this dispute.  This factor weighs in favor of transfer.

## IV.    CONCLUSION

Alticor has unquestionably shown that the balance of the conveniences and the interests of justice strongly favor transferring this case to the Western District of Michigan.  Defendants and their employees are located in the Western District of Michigan.  A number of non-party witnesses also are within the subpoena power of that district.  There is no reason why they should endure the burden of travelling to a forum to which Plaintiff has no meaningful connection.  Accordingly, Defendants request that this Court transfer this action to the United States District Court for the Western District of Michigan.

Respectfully submitted,

/s/ Gregory B. Williams
Gregory B. Williams (#4195)
Fox Rothschild LLP
Citizen Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19801
(302) 622-4211
gwilliams@foxrothschild.com

Of Counsel:
Laura Beth Miller (*pro hac vice*)

10

Scott A. Timmerman (*pro hac vice*)
Manish K. Mehta (*pro hac vice*)
BRINKS GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois 60611-5599
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299

*Attorneys for Defendants*

Dated:  October 21, 2013

## CERTIFICATE OF SERVICE

I, Gregory B. Williams, hereby certify that on the 21st day of October, 2013, a true and correct copy of the Reply Brief in Support of Defendants' Motion to Transfer Pursuant to 28 U.S.C. §1404(a) was served on the following counsel of record via CM/ECF and Email:

Sean T. O'Kelly (No. 4349)
O'Kelly Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
sokelly@oeblegal.com

Attorney for Plaintiff Princeton Digital Image
Corporation


/s/ Gregory B. Williams
Gregory B. Williams (#4195)